**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | * | **CRIMINAL NO. 21-11** |
| **v.** | * | **SECTION: "G"** |
| **LEROY DANIELS, Jr.** | * | |

* * *

# FACTUAL BASIS

The above-named defendant, LEROY DANIELS, Jr., has agreed to plead guilty to Count 1 of the indictment, wherein he is charged with conspiracy to commit theft of government funds, in violation of Title 18, United States Code, Section 371. Both the Government and DANIELS do hereby stipulate and agree that the following facts set forth a sufficient factual basis for the crime to which he is pleading guilty. The Government and DANIELS further stipulate that the Government would have proven, through the introduction of competent testimony and admissible, tangible exhibits, the following facts, beyond a reasonable doubt, to support the allegations in Count 1 of the indictment now pending against DANIELS.

## Military Funeral Honors Ceremonies

The Government would establish that the United States Army (Army) is a department of the United States. The National Defense Authorization Act of 2000 authorizes military funeral honors ("MFH") for deceased active-duty soldiers, retirees, and veterans of the United States Armed Forces, including the United States Army. At a family's request, eligible persons may receive military funeral honors, including the folding and presenting of the United States flag and the playing of "Taps." The statute defines a MFH detail as consisting of two or more uniformed military persons, with at least one being a member of the veteran's branch of military service, performing MFH.

AUSA ___AJL___
Defendant ___LJD___
Defense Counsel ___J✓___

Before a military honors funeral occurs, the Army's Casualty Assistance Center screens deceased servicemen for eligibility for the ceremony. Army personnel who wish to perform the MFH must receive advanced approval from their supervisors. After the Army personnel perform their approved MFH duties, Army pay technicians are required to submit a signed DA Form 1380, identifying the individuals who performed the MFH duty and at which funeral they performed. When submitting the signed DA Form 1380, Army pay technicians are also required to submit MFH payment requests for the performing personnel. Payment requests are made by Army personnel, and approved requests for payments are made using money of the United States (*i.e.*, the United States Army).

**The Conspiracy to Commit Theft of Federal Funds**

The Government would establish, through the introduction of competent testimony that, at all times material, DANIELS was a specialist for the United States Army Reserve and based at the Naval Air Station Joint Reserve Base New Orleans. The Government would further establish that, at all times material, Christopher O'Connor was a staff sergeant with the United States Army Reserve, who reported for duty to the 441st Transportation Company, 377th Theater Sustainment Command, New Orleans, Louisiana. In that capacity, O'Connor was responsible for, among other duties, entering reserve duty members pay requests, including for authorized MFH duties.

Through his position as an Army pay technician, O'Connor submitted fraudulent MFH payment requests for MFH duties for DANIELS and for himself that were neither authorized nor performed. O'Connor also failed to submit the required DA Form 1380, which would have indicated the funeral for which the claimed MFH duties related.

The Government would further establish that, starting in or about May 2013 and continuing until in or about June 2016, DANIELS and O'Connor willfully and knowingly did combine,

AUSA AJL
Defendant [initials]
Defense Counsel JW

conspire, confederate and agree to obtain money from the United States by submitting to the United States Department of the Army payment requests for services that had not been performed. DANIELS and O'Connor agreed to commit the crime of theft of government funds by submitting false applications for MFH pay requests. O'Connor submitted false MFH pay requests in DANIELS's name in exchange for DANIELS sharing those proceeds with O'Connor. DANIELS agreed and joined the conspiracy, furthering same by accepting and splitting the false MFH payments with O'Connor. DANIELS knew the unlawful purpose of the agreement and that the subject funds constituted property of the United States. As a result of this conspiracy, DANIELS received approximately $11,693.87 from the United States government for MFH duties that never occurred and to which he knew he was not entitled.

For instance, as part of the conspiracy to commit theft of government funds, on or about June 1, 2016, DANIELS received payment from the Department of the Army for funeral honor duties that he had not performed and to which he was not entitled. O'Connor submitted the underlying false application from the Eastern District of Louisiana, and DANIELS received the improper payment in his bank account, which is located in the Eastern District of Louisiana.

As to the MFH payments claimed for and received by DANIELS described above, a review of Fiscal Year 2013 through Fiscal 2016 records demonstrated the following: no advanced Army Casualty Assistance screening of the deceased servicemen had occurred; neither DANIELS's nor O'Connor's supervisors provided advanced approval for the claimed MFH; no signed DA Form 1380 was submitted which should have identified who performed the claimed MFH and at which funerals; and no other records existed that suggested the claimed MFH ceremonies were actually performed.

AUSA ___
Defendant ___
Defense Counsel ___

**Limited Nature of Factual Basis**

This proffer of evidence is not intended to constitute a complete statement of all facts known by DANIELS and/or the Government. Rather, it is a minimum statement of facts intended to prove the necessary factual predicate for his guilty plea. The limited purpose of this proffer is to demonstrate that there exists a sufficient legal basis for the plea of guilty to the charged offenses by DANIELS.

The above facts come from an investigation conducted by and would be proven at trial by credible testimony from, *inter alia*, Special Agents from the United States Department of Defense – Office of the Inspector General, other witnesses, and admissible, tangible exhibits.

READ AND APPROVED:

| | |
|---|---|
| Leroy Daniels, Jr.<br>Defendant | 10/11/23<br>Date |
| Jacob K. Weixler<br>Counsel for Defendant | 10/11/23<br>Date |
| Andre J. Lagarde<br>Assistant United States Attorney | 10/12/23<br>Date |